# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 13-489V

**Filed: November 20, 2015**

| | |
|---|---|
| * * * * * * * * * * * * * * * | UNPUBLISHED |
| MICHAEL MCNULTY and CATHERINE MCNULTY, as parents of W.T.M., | |
| | Special Master Gowen |
| Petitioners, | |
| | Joint Stipulation on Damages and |
| v. | Attorneys' Fees and Costs; |
| | Varicella Vaccine; Inactivated Polio |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Vaccine; Measles-Mumps-Rubella Vaccine; Cerebrovascular Event; |
| | Diphtheria-Tetanus-acellular |
| Respondent. | Pertussis Vaccine. |
| * * * * * * * * * * * * * * * | |

<u>Mark L. Krueger</u>, Krueger & Hernandez, S.C., Baraboo, WI, for petitioner.
<u>Lara A. Englund</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

     On July 18, 2013, Michael McNulty and Catherine McNulty ("petitioners") filed a petition on behalf of their minor child, W.T.M., pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2012).  Petitioners alleged that as a result of receiving inactivated polio ("IPV"), diphtheria-tetanus-acellular pertussis ("Dtap"), varicella, and measles-mumps-rubella ("MMR") vaccines on or about June 14, 2012, the minor child suffered a cerebrovascular incident and that he experienced residual effects of this injury for more than six

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

months. Stipulation for Award at ¶ 2, 4, docket no. 48, filed Nov. 19, 2015.

On November 19, 2015, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that the vaccines caused W.T.M.'s alleged cerebrovascular incident, or any other injury or condition.  Id. at ¶ 6.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties also stipulate to an award of attorneys' fees and costs in a joint stipulation for fees and costs filed on November 19, 2015. The parties agree to a total award of attorneys' fees and costs in the amount of $35,135.53. Stipulation for Fees at ¶ 2, docket no. 49, filed Nov. 19, 2015. In accordance with General Order #9, petitioners represent that they did not personally incur costs related to this proceeding. Id. The undersigned finds the stipulation for fees and costs reasonable and adopts it as the decision of the Court.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $425,000.00, in the form of a check payable to petitioners as guardians of W.T.M.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

**A lump sum of $35,135.53, in the form of a check jointly payable to petitioners and to petitioners' attorney, Mark L. Krueger of Krueger & Hernandez, S.C., pursuant to 42 U.S.C. § 300 aa-15(e), for attorneys' fees and costs.**

Id. at ¶ 8.

The undersigned approves the requested amount for petitioners' compensation and attorneys' fees and costs.  Accordingly, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MICHAEL AND CATHERINE MCNULTY<br>as parents of W.T.M, | )<br>)<br>) |
| Petitioners, | )<br>) |
| v. | )   No. 13-489V<br>)   Special Master Thomas Gowen |
| SECRETARY OF<br>HEALTH AND HUMAN SERVICES, | )<br>)<br>) |
| Respondent. | )<br>) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, W.T.M., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to W.T.M.'s receipt of the inactivated polio ("IPV"), diphtheria-tetanus-acellular pertussis ("DTaP"), varicella, and measles-mumps-rubella ("MMR") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. W.T.M. received IPV, DTaP, varicella, and MMR vaccines on or about June 14, 2012.

3. The vaccines were administered within the United States.

4. Petitioners allege that the vaccines caused W.T.M. to suffer a cerebrovascular incident and that he experienced residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages as a result of W.T.M.'s condition.

6. Respondent denies that the vaccines are the cause of W.T.M.'s alleged cerebrovascular incident or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

   A lump sum of $425,000.00 in the form of a check payable to petitioners as guardians of W.T.M.'s estate.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

2

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses the money provided pursuant to this Stipulation will be used solely for the benefit of W.T.M. as contemplated by a strict construction of 42 U.S.C.

§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians of W.T.M.'s estate under the laws of the State of Illinois. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as the guardians of W.T.M.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian of the estate of W.T.M. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian of the estate of W.T.M. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as legal representatives of W.T.M., on behalf of themselves, W.T.M., and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that

3

have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of W.T.M. resulting from, or alleged to have resulted from, the influenza vaccination administered on June 14, 2012, as alleged by petitioners in a petition for vaccine compensation filed on or about July 18, 2013, in the United States Court of Federal Claims as petition No. 13-489V.

15. If W.T.M. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines caused W.T.M.'s alleged cerebrovascular incident, or any other injury, or his current condition.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of W.T.M.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

Respectfully submitted,

PETITIONERS:

MICHAEL MCNULTY

CATHERINE MCNULTY

ATTORNEY OF RECORD FOR
PETITIONERS:

MARK L. KRUEGER
KRUEGER & HERNANDEZ S.C.
123 Second Street
P.O. Box 41
Baraboo, WI 53913
(608) 356-3961

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

A. MELISSA HOUSTON, M.D., M.P.H, FAAP
Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

LARA A. ENGLUND
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-3013

Dated:   11 | 19 | 15

6

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MICHAEL AND CATHERINE MCNULTY, | * |
| AS PARENTS OF W.T.M. | * |
| Petitioner, | * |
| | * |
| v. | *    No. 13-489 |
| | *    Special Master Thomas Gowen |
| SECRETARY OF HEALTH AND | * |
| HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**STIPULATION OF FACTS CONCERNING FINAL ATTORNEYS' FEES AND COSTS**

It is hereby stipulated by and between the parties, the following factual matter:

1. Mark L. Krueger, Esq., is the attorney of record for petitioners.

2. On or about October 7, 2015, petitioner informally provided a Final Application for Attorneys' Fees and Costs ("Application") to respondent, in which petitioner requested final attorneys' fees and costs in the amount of $35,135.53. Respondent does not object to the total amount requested. All costs have been paid by Petitioner's attorney.

3. The parties now agree that a decision should be entered awarding final attorneys' fees and costs payable to petitioner's attorney and petitioner in the amount of $35,135.53.

4. Nothing in this Stipulation, including the amount set forth in paragraphs 2 and/or 3, should be construed as an admission, concession, or waiver of either party as to any of the matters raised by petitioner's Application, including but not limited to the hourly rates requested and other litigation-related costs.

ATTORNEY OF RECORD FOR
PETITIONERS:

ATTORNEY OF RECORD FORD
RESPONDENT:

s/Mark L. Krueger
Mark L. Krueger
123 2nd Street
P.O. Box 41
Baraboo, WI  53913
(608)356-3961

s/Lara A. Englund
Lara A. Englund
Trial Attorney
Civil Division, Torts Branch
P.O. Box 146
Benjamin Franklin Station
Washington DC 20044-0146

Date:   November 19, 2015